IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES G. STEVENS,

    Plaintiff,

vs.                                       CASE NO. CV-03-J-1417-S

ONE HUNDRED OAKS MOBILE
HOME PARK,

    Defendant.

**MEMORANDUM OPINION**

    Pending before the court are defendant's motion to dismiss or, in the alternative, motion for summary judgment (doc. 6), which the court deemed a motion for summary judgment (doc. 7), and plaintiff's motion to continue consideration of defendant's motion for summary judgment (doc. 10). The defendant submitted a brief in support of its motion, to which the plaintiff filed a response (doc. 11), and the defendant filed a response to the plaintiff's motion to continue consideration (doc. 12). The defendant thereafter submitted a reply to the plaintiff's response to the summary judgment motion. The court set this matter on its motion docket of August 29, 2003 and a hearing was held at which the parties were present by and through their respective counsel of record. The court having considered the pleadings, submissions and argument of the parties, finds as follows:

This case is brought pursuant to the Federal Water Pollution Control Act, 33 U.S.C. § 1365(a), commonly called the citizen suit provision of the Clean Water Act (CWA). The plaintiff asserts that, while the state of Alabama has an ongoing lawsuit against the defendant for basically the same violations of the CWA, the state is not "diligently prosecuting" that action.

Defendant is a mobile home park that owns and operates its own wastewater treatment facility, pursuant to a validly issued National Pollution Discharge Elimination System ("NPDES") permit. The plaintiff alleges that the defendant has consistently violated the discharge limits of that permit. Each day's discharge of each monitored pollutant in excess of that allowed by the NPDES permit is a separate violation under the CWA.

The defendant argues in its motion for summary judgment that, after the plaintiff filed the requisite 60 day notices under the CWA, the state filed its own enforcement action against the defendant in state court under state law. *See* Exhibit A to defendant's motion. Defendant argues such lawsuit preempts this case under 33 U.S.C. § 1365(b). Under that provision, a plaintiff may bring suit unless "the state has commenced and is diligently prosecuting a civil ... action in a court of ... a State to require compliance with the standard, limitation, or order ..." 33 U.S.C. § 1365(b)(1)(B). *See also McAbee v. City of Fort Payne, Alabama*, 318 F.3d 1248,

1251 (11th Cir. 2003). The plaintiff argues in its motion to continue consideration that the plaintiff needs to do discovery to show why the state's state court action does not satisfy the "diligent prosecution" requirement for preemption. The plaintiff argues that the state court case cannot be "diligent prosecution" because it is not allowed by state statute. Under Alabama Code §22-22A-5(18)b., the state can bring a civil action for violations of the AWPCA (state version of CWA - suit is for same violations), unless "an order assessing a civil penalty for such violation has been issued ...." ADEM had previously issued a consent order assessing a minimal penalty under § 22-22A-5(18)a.

This statute clearly speaks to penalties for such "violation," not "violator." Thus, the state action may continue as to violations not within the February 27, 2002 consent order.[1] The plaintiff, in this action, seeks to go back to violations beginning in 1998. Many of those violations are included in the state action. The plaintiff argues they are improperly before the state court under § 22-22A-5(18)b., Ala.Code. However, this court is of the opinion that any decision as to the propriety of those claims in the state court should be made by the state court.

---

[1] The court notes the plaintiff may question to state court's jurisdiction in the state court where that action is pending, as the plaintiff became a party to that action through intervention.

Citizen suits such as this are meant to supplement, not supplant, government action. *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation,* 484 US 49, 60, 108 S.Ct. 376, 383 (1987). The CWA makes clear that one of the purposes of the 60 day notice is to allow the state to bring an enforcement action within that period. Doing so, for the same violations, bars the citizen suit. *National Environmental Foundation v. ABC Rail Corp.*, 926 F.2d 1096, 1099 (11th Cir.1991); citing *Gwaltney,* 484 U.S. at 59, 108 S.Ct. at 382. *See also The Clean Air Council v. Sunoco, Inc.,* 2003 WL 1785879 (D.Del. April 2, 2003) (stating the court must "examine whether 'the government's efforts may reach the same result sought by [the] plaintiff'").

Having considered the foregoing, the court finds that the plaintiff's motion to delay consideration is due to be denied, as the state court action preempts at least parts of this case. However, the defendant's motion for summary judgment is not due to be granted, except to the extent set forth below.[2]

---

[2] The defendant conceded at oral argument that the court has jurisdiction to enter an order dismissing this case without prejudice.

In support of its motion to dismiss the case with prejudice, the defendant relies heavily on the opinion of the Hon. William Acker in *American Canoe Association, Inc., et al. v. City of Attalla*, CV 03-AR-293-M (May 13, 2003) for the proposition that this case is due to be dismissed. However, the court finds that case to be distinguishable from the one before it. In the *American Canoe* case, there was no issue of some state claims potentially being barred under state law. In that opinion, the Court addresses whether the State of Alabama filing suit sixty-one days after the plaintiffs mailed their 60 day notices barred the plaintiffs' action. That opinion focused on an interpretation of Rule 6(a), Federal Rules of Civil Procedure, which is not relevant to the facts before this court. Thus, while *American Canoe* suggests this court should defer to the ongoing state court action, that court did not face the issue of whether some claims could proceed in this court parallel to others proceeding in state court.

4

The court does not find defendant's argument that the state action is not barred by Alabama Code § 22-22A-5(18)b. to be persuasive. Neither the fact that the State of Alabama's complaint is brought pursuant to multiple code sections nor the fact that the consent order does not mention §22-22A-5(18), have any bearing on whether the state court litigation is barred by the state's previous consent order. Similarly, the plaintiff's argument that the State of Alabama did not bring its action to require compliance is without merit. As the plaintiff has intervened in the state court action, the plaintiff should be able to insure adequate prosecution in state court.

Assuming the state court is requested to rule on this issue, and assuming the state court finds less than all claims can proceed there, the plaintiff should be allowed to pursue those claims here. However, until the issue of the effect of 22-22A-5(18)a. and 22-22A-5(18)b. on the state court action are resolved, the defendant's motion for summary judgment is premature.

In summary, under the CWA, which is federal law, the plaintiff here has the right to intervene in the state court action and has done so. This court has a case involving federal law before it. However, the actual factual events underlying both cases are identical. Pursuant to federal law, the state law claims preempt this case, unless they are not being diligently prosecuted. Thus, to determine whether this case should continue in this court, a court must determine whether, under state law, the

state law claims are properly before the state court. Even if the state court was to find that violations before February, 2002, included within the consent order, are barred there, the plaintiff cannot continue in this court without a claim for at least one *current* violation. *See e.g.*, *Gwaltney*, 484 U.S. at 58-59, 108 S.Ct. at 382.

The court having considered the foregoing, the court is of the opinion this case is due to be dismissed without prejudice to the right of the plaintiff to subsequently seek petition for reinstatement of this action in order to pursue any claim or alleged violation embraced herein not adjudicated in the proceedings currently pending in *State of Alabama and James Stevens v. One Hundred Oaks Mobile Home Park, et al.*, CV 03-3192 (Circuit Court of Jefferson County, Alabama). Such reinstatement will require that at least one claim for a violation which was ongoing at the time this litigation was filed remain unadjudicated by the state court. Such reinstatement, when allowed, will cause the filing date of any such claim so reinstated to relate back to the original filing date of this action.

**DONE** this the ___3___ day of September, 2003.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE